IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
~~WESTERN~~ DIVISION
Central

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 25 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

LARRY G. LANTZ,

    Plaintiff,

v.

No. 4:20-cv-308-JM

JURY DEMAND

ETL LOGISTICS, INC.,
EDWARD E. SIGLER, JR., and
ESTHER M. ONDARA,

    Defendants.

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, LARRY G. LANTZ, through his attorneys of record, sues the Defendants, ETL LOGISTICS, INC., EDWARD E. SIGLER, JR, and ESTHER M. ONDARA and states to the Court as follows:

### PARTIES

1. Plaintiff, LARRY G. LANTZ ("MR. LANTZ" or "PLAINTIFF"), is a citizen and resident of Gibson County, Tennessee.

2. Defendant ETL Logistics Inc. ("ETL") on information and belief is a foreign, for-profit corporation organized and existing under the laws of Texas with a principal office located at 11615 Forest Central Drive, Suite 110, Dallas, Texas 75243. ETL was a registered motor carrier with the Department of Transportation, No. 2466087, MC

No. 885499. As stated in recent MCS-150 filings[1], ETL has 2 tractors and 1 driver operating on interstate highways. ETL may be served process by serving its BOC-3 registered agent for service of process, #1 A+ Agents of Process, Inc., Arkansas Corp. Services Inc, 12110 Arch Street Little Rock, AR 72206-4665. At the time of this collision, ETL was conducting business in the state of Arkansas. The Federal Motor Carrier Safety Administration involuntarily revoked the motor carrier authority of ETL on February 2nd, 2019.

3. Defendant EDWARD E. SIGLER, JR. ("**DEFENDANT**" OR "**SIGLER**"), on information and belief, is a resident of Dallas, Texas and can be served process at his residence in Dallas, which has been redacted pursuant to ECF Rules.

4. Defendant ESTHER M. ONDARA ("**DEFENDANT**" OR "**ONDARA**"), on information and belief, is a citizen and resident of McKinney, Texas. She can be served at her residence in Dallas, which has been redacted per ECF Rules.

5. All defendants are referred to as "**DEFENDANTS**" collectively.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 USC 1332 (a)(1)-(2) ("diversity jurisdiction"). The amount in controversy is in excess of $75,000 exclusive of costs and interest. Venue is appropriate in this district.

## FACTS

---

[1] MCS-150 refers to the form number of a mandatory filing with the Federal Motor Carrier Safety Administration for registered motor carriers.

7. ETL, as an authorized motor carrier and pursuant to the Federal Motor Carrier Safety Regulations was required to have policies and procedures in place regarding the hiring and retention of drivers.

8. Prior to the date of the crash which forms the basis of this lawsuit (May 26th, 2018), ETL had actual notice and had been provided written notice by the Federal Motor Carrier Safety Administration that is lacked adequate policies and procedures in the areas of drug and alcohol programs, periodic inspections, records of duty status, financial responsibility, and proper licensing of drivers.

9. On May 26, 2018 at or near 8:07 a.m., DEFENDANT SIGLER operated a large commercial motor vehicle under the authority of ETL within the course and scope of his employment and/or as agent and/or as statutory employee of ETL.

10. On and before this date, DEFENDANT SIGLER, was incompetent and not qualified and properly trained to operate the Truck because ETL had not properly hired, screened, trained and supervised him. As a result, he was unfamiliar with the aspects of safe operation of the Truck.

11. DEFENDANT SIGLER operated under the motor carrier authority of ETL and ETL is liable for his acts and/or omissions, either as a company driver or under the doctrine of statutory employer. 49 C.F.R. § 390.5; U.S.C. 49 C.F.R. § 376.11-12; 49 U.S.C. § 14102(a).

12. On or before May 26, 2018, ETL employed DEFENDANT SIGLER as a driver of a "commercial motor vehicle" for the purpose of delivering interstate cargo and the truck had a gross vehicle weight rating or gross combination weight rating, or gross

vehicle weight or gross combination weight, of 4,536 kg (10,001 pounds) or more, whichever is greater. 49 C.F.R. § 390.3 – 390.5 and was, therefore, subject to compliance with the provisions of the Federal Motor Carrier Safety Regulations ("FMSCR") and for which a driver was required to possess a valid commercial driver license ("CDL"). 49 C.F.R. § 383.3.

13. The truck operated by DEFENDANT SIGLER was a 2007 International Harvester / Navistar double-axle truck ("**Truck**"), VIN 1HTMMAAL67H486641 (Texas License Plate No. KGS7762).

14. The Truck was owned by DEFENDANT ONDARA for which she is liable under bailment/agency/*respondeat superior*.

15. ETL owned, operated, managed, maintained and controlled the Truck operated by DEFENDANT SIGLER.

16. DEFENDANT SIGLER was driving the Truck westbound on I-40 near a rest stop around mile marker 198 in Hazen, Prairie County, Arkansas around 8:07 a.m.

17. At all times material hereto, the area where the collision occurred, Interstate 40 (U.S. Highway 64), is a divided highway with two lanes in both the east and westbound directions which are separated by a median. The speed limit is 70 miles per hour.

18. On the morning of the collision, the roadway was dry, and the weather and visibility were clear.

19. While driving the Truck at a high rate of speed, DEFENDANT SIGLER abruptly changed lanes from the right lane – in an apparent attempt to pass without

4

slowing - to the left lane and again abruptly back to the right lane, did not keep a proper lookout ahead and did not properly manage the space around and in front of the Truck for vehicles and traffic ahead. He had not been trained by ETL in aspects of space management.

20. At or near the same time, MR. LANTZ, while operating a 2009 Toyota Camry ("Camry"), had merged onto I-40 from the westbound rest area just beyond mile marker 199 and lawfully entered the right-hand travel lane.

21. DEFENDANT SIGLER did not slow and violently crashed the Truck into the rear of MR. LANTZ'S Camry causing severe damage to the Camry and MR. LANTZ.

22. Upon impact, MR. LANTZ experienced violent acceleration-deceleration forces to his head, neck and body, all exerted upon him by the collision, which caused or substantially contributed to cause a concussion, spinal injury and damaged vertebrae, resulting in whiplash and disc damage, all of which have caused damage and other injuries and damages which are set forth more fully below.

23. The photographs below depict the resulting damage to MR. LANTZ'S vehicle:




24. The ETL Truck driven by DEFENDANT SIGLER also sustained disabling damage.

## COUNT I
## DIRECT NEGLIGENCE OF ETL

25. The preceding paragraphs are hereby re-alleged as if fully restated herein.

26. At all relevant times, DEFENDANT ETL had a duty to exercise reasonable care in the hiring, training, supervision and retention of its drivers, including DEFENDANT SIGLER, and in the operation of trucks to avoid causing injuries to others and their property, including MR. LANTZ. These duties include the duty to comply with all applicable provisions of the FMCSR, the Arkansas Department of Safety Regulations (CDL Manual), and Arkansas State law.

27. Defendant ETL, through its employees, breached the duties it owed to MR. LANTZ by committing one or more of the following negligent acts or omissions:

   a. Failing to hire properly qualified and/or trained drivers for operation of commercial trucks, including DEFENDANT SIGLER;

   b. Failing to properly train drivers for operation of commercial trucks, including DEFENDANT SIGLER;

   c. Failing to properly retrain and respond to numerous moving and non-moving violations including unsafe driving, hours-of-service (HOS) compliance, drug/alcohol abuse, and vehicle maintenance.

   d. Failing to ensure DEFENDANT SIGLER was familiar with the provisions of the Federal Motor Carrier Safety Regulations;

    e.    Failing to properly train and monitor DEFENDANT SIGLER on driver fatigue and maximum number of hours driven;

    f.    Failing to properly monitor and supervise DEFENDANT SIGLER;

    g.    Negligently hiring and retaining DEFENDANT SIGLER;

    h.    Allowing, encouraging, and/or permitting its drivers to operate commercial trucks while impaired, fatigued or distracted;

    i.    Failing to promulgate and enforce adequate policies and rules regarding the operation of commercial trucks;

    j.    Otherwise failing to use reasonable care.

28.    As a direct and proximate result of one or more of the foregoing negligent acts and omissions, MR. LANTZ suffered severe and permanent injuries.

## COUNT II
## VICARIOUS LIABILITY & RESPONDEAT SUPERIOR

29.    The preceding paragraphs are hereby re-alleged as if fully restated herein.

30.    ETL and ESTHER ONDARA are liable for the tortious conduct of their employees, agents, and those driving under their authority on their behalf and under ETL's operating authority and/or operating their equipment.

31.    The negligence, carelessness, negligence per se and/or wrongful acts of DEFENDANT SIGLER are imputed to ETL and ONDARA. ETL and ONDARA are vicariously liable to MR. LANTZ for DEFENDANT SIGLER'S actions and are also liable under the doctrine of *respondeat superior*.

32. DEFENDANT SIGLER were negligent (for which ETL and ONDARA are liable as a statutory employer) and failed to use reasonable care by committing one or more of the following acts or omissions:

   a. Negligently and carelessly operating a large commercial vehicle without keeping a safe and proper lookout for other vehicles on the roadway;

   b. Failing to avoid a collision, when in the exercise of reasonable care, the collision could have been avoided by DEFENDANTS;

   c. Operating a large commercial vehicle with disregard for the safety of others, including MR. LANTZ;

   d. Operating a large commercial vehicle while impaired, fatigued and/or distracted;

   e. Failing to execute a safe and proper lane change under the existing conditions;

   f. Violating the Federal Motor Carrier Safety Regulations;

   g. Otherwise failing to exercise reasonable care.

33. As a direct and proximate result of one or more of the foregoing negligent acts and omissions, MR. LANTZ suffered severe and permanent injuries.

## COUNT III
## NEGLIGENCE *PER SE*

34. DEFENDANT SIGLER'S acts and/or omissions constitute negligent *per se* (for which ETL and ONDARA are liable as a statutory employer) by the following violations of Arkansas Code Annotated (which were in effect at all relevant times) of

8

which MR. LANTZ was a member of the class intended by the statutes to protect and which was in full force and effect on the date in question:

    a.    A.C.A. § 27-51-104, Careless and prohibitive driving;

    b.    A.C.A. § 27-51-402, Turning, Stopping, and Signaling; and

    c.    A.C.A. § 27-51-308, Conditions when overtaking on right.

35. Defendants acts and/or omissions constitute negligence *per se* for violations of the relevant provisions of the FMCSR (49 C.F.R. §§ 383, 386, 390, 391, 392, and 395).

36. These regulations were in effect at all material times and Mr. Lantz is a member of the class they were intended to protect.

37. As a legal result of the DEFENDANTS' negligence and negligence *per se*, MR. LANTZ has suffered injuries and damages that are more fully set forth below.

## COUNT IV
## RECKLESS AND GROSSLY NEGLIGENT CONDUCT

38. The preceding paragraphs are hereby re-alleged as if fully restated herein.

39. The foregoing acts of Defendants were done with a reckless disregard for the safety of the motoring public and/or were willful, wanton and/or grossly negligent such that the imposition of exemplary and punitive damages is appropriate to deter future conduct.

## INJURIES AND DAMAGES

40. The preceding paragraphs are hereby re-alleged as if fully restated herein.

41. As a proximate and legal result of DEFENDANTS' combined negligence and negligence *per se*, MR. LANTZ has suffered debilitating injuries including a concussion, lumbar spinal injuries including disc deterioration and degeneration with

associated lower extremity involvement, and whiplash, which have caused severe and debilitating pain, restrictions range of motion, decreased sensation, numbness, and nerve damage.

42. MR. LANTZ suffered injuries and damages and bring claims for permanent bodily injuries, physical pain and suffering, past and future, mental anguish, lost wages and impairment to earning capacity, impairment to the capacity to enjoy life, for medical expenses, past and future, and for all other damages available at law and equity.

## DEMAND FOR RELIEF

43. MR. LANTZ demands judgment against DEFENDANTS in an amount to be determined by the jury at trial, plus costs of suit and all other relief this court deems just and appropriate.

**WHEREFORE**, PLAINTIFF further demands:

1. For process to issue and serve upon DEFENDANTS;
2. An award of all accosts of these claims, including discretionary costs and court costs;
3. Pre- and post-judgment interest;
4. A judgment against DEFENDANTS jointly and severally for compensatory, general and all other damages in an amount to be determined by the jury;
5. Judgment for punitive damages jointly and severally;
6. That a jury try these claims; and
7. For any and all other relief available at law and equity.

Respectfully submitted,

WRIGHT LAW PLC

_____
By: Matthew E. Wright, #22596
(*pro hac vice* to be submitted)
840 Crescent Centre Drive, Ste. 310
Franklin, TN 37067
Phone: (615) 455-3588
Fax: (615) 468-4540
mwright@wrightlawplc.com

*Attorney for Plaintiff, Larry Lantz*